**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EMILIO LOPEZ MONDEJA,

Petitioner,

v. No. 2:26-cv-02713-KG-DLM

WARDEN, *Otero County Processing Center; et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Emilio Lopez Mondeja's pro se Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, the Government's Response, Doc. 6, and Petitioner's Reply, Doc. 9. Petitioner has also filed a Motion for Extension of Time to Reply ("Motion for Extension"), Doc. 7, and Motion to Proceed Under 28 U.S.C. § 1915 ("Motion to Proceed IFP"), Doc. 17. For the reasons below, the Court grants Petitioner's Motion for Extension and accepts Petitioner's Reply as timely filed. The Court also grants Petitioner's Motion to Proceed IFP. The Court denies the Petition.

***I. Background***

Petitioner, a native and citizen of Cuba, entered the United States near Eagle Pass, Texas on or about May 13, 2022. Doc. 1 at 3. After the Department of Homeland Security ("DHS") released Petitioner into the country under the Alternatives to Detention ("ATD") program, he applied for adjustment of status under the Cuban Adjustment Act. *Mondeja v. Dep't of Homeland Security*, No. 2:26-cv-1075-KG-JHR, Doc. 10 at 2; Doc. 10-1 at 1–3; Doc. 10-2 at 1–2 (D.N.M. Apr. 24, 2026). On January 6, 2026, an immigration judge ("IJ") granted his asylum application and denied his application for adjustment of status. Doc. 1 at 13. The Department of

Homeland Security ("DHS") appealed the grant of asylum to the Board of Immigration Appeals ("BIA"), and that appeal remains pending. *Mondeja*, No. 2:26-cv-1075-KG-JHR, Doc. 1 at 2–3; Doc. 11 at 3.

On February 24, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner and charged him as inadmissible under Section 212(a)(6)(A)(i). *Mondeja*, No. 2:26-cv-1075-KG-JHR, Doc. 10-1 at 3. Once in custody, an Immigration Judge ("IJ") denied Petitioner's request for bond on April 10, 2026, finding that he is a "danger to the community." *Mondeja*, No. 2:26-cv-1075-KG-JHR, Doc. 10-6 at 1–2. Petitioner remains detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 3.

On May 5, 2026, Petitioner filed his first habeas petition seeking immediate release, or, in the alternative, an individualized bond hearing. *See Mondeja*, No. 2:26-cv-1075-KG-JHR, 2026 WL 1453500 (D.N.M. May 22, 2026). Based on the above facts, the Court determined that Petitioner's detention was governed by § 1226 but declined to grant relief because "Petitioner received a bond hearing under § 1226(a)" where the Immigration Judge ("IJ") found that "Petitioner failed to carry his burden of showing he is not a danger to the community." *Id.* at *2. Although the Court explained it was sympathetic to Petitioner's health concerns, it further concluded that, absent a constitutional or statutory challenge, it lacked habeas jurisdiction to review discretionary custody determinations. *Id.*

On August 17, 2026, Petitioner filed the instant habeas petition with this Court again seeking immediate release or, in the alternative, an individualized bond hearing. *See* Doc. 1. This Petition, which again seeks immediate release or, in the alternative, an individualized bond hearing, cites "materially changed circumstances" in support the claim—namely, an order granting his application for asylum on January 6, 2026. Doc. 1 at 6–7, 11–12.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or

release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

***III. Analysis***

As an initial matter, the Court is unpersuaded by Petitioner's argument that the order granting his application for asylum—issued on January 6, 2026—constitutes a material change in circumstances. *See* Doc. 1 at 6–7. This procedural history is not new. Rather, it was raised by the parties and addressed by the Court as part of Petitioner's original habeas petition. *See Mondeja*, 2026 WL 1453500 at 1.

Proceeding to the merits, the Court concludes that it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled. *See* Doc. 1 at 48–49. Although the IJ's written order provides little explanation regarding the factual basis for the determination, the IJ nonetheless found that Petitioner failed to carry his burden of demonstrating that he is not a danger to the community. *Id.* Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court.

## *IV. Conclusion*

For the reasons above, the Court grants Petitioner's Motion for Extension, Doc. 7, and grants Petitioner's Motion to Proceed IFP, Doc 8. The Court denies the Petition, Doc. 1, with prejudice.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.